THE MAYOR & COUNCIL OF THE BOROUGH OF TOTOWA, APPELLANT, v. CHICKEN BARN, INC., RESPONDENT, AND STATE OF NEW JERSEY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 10, 1956—Decided September 21, 1956.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Howard Stern* argued the cause for the appellant (*Messrs. Boyle & Boyle,* attorneys).

*Mr. Saul Tischler* argued the cause for the respondent, Chicken Barn, Inc. (*Mr. Howard I. Schlesinger,* attorney).

*Mr. Samuel B. Helfand* argued the cause for the respondent State of New Jersey, Division of Alcoholic Beverage Control (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney).

The opinion of the court was delivered by

FREUND, J. A. D. The respondent, Chicken Barn, Inc., is the holder of a plenary retail consumption license issued to it by the appellant for its premises in Totowa, New Jersey. The licensed premises has been operated as a restaurant and bar for more than 20 years, with accommodations for 350 table guests and facilities for the display and sale of packaged liquor. In 1955 the respondent had plans drawn to enlarge the premises so as to accommodate an additional 150 guests, and to provide additional facilities for the display and sale of "packaged goods" in its combination restaurant and barroom. On July 29, 1955 it filed with the appellant an application for enlargment of its restaurant facilities and for a "place-to-place" transfer of its liquor license to the enlarged licensed premises.

In September 1955 a public hearing was held before the Mayor and Council of the Borough of Totowa, and by resolution it approved the application to enlarge the restaurant facilities but denied the transfer of the liquor license on the ground that "such a transfer would be the equivalent of granting a consumption license with the broad package privilege and an additional package goods store" and "that the proposed premises would not be a *bona fide* public barroom," imposing the condition that the bar and package display section remain as they had previously existed. From the denial of the transfer the respondent appealed to the Director of the Division of Alcoholic Beverage Control who, after a hearing *de novo,* reversed the borough council's denial of the license transfer. In its present appeal the borough council contends that the respondent's proposal for display and sale of alcoholic beverages for off-premises consumption would not be from a *bona fide* public barroom, that the plans are for the establishment of a package goods store, and that the addition to or enlargement of the premises is for the use of a package department in violation of Rule 7, Regulation 32, of the Division of Alcoholic Beverage Control.

The evidence discloses, and the Director so found, that prior to the filing of the application the room in question had an 18-foot bar, that behind the bar and parallel thereto was a back bar with shelves for the display of alcoholic beverages in original containers, and that adjacent thereto was a food counter behind which were more shelves for the display of packaged goods.

The proposed changes set forth in the plans submitted at the hearing and by the uncontroverted testimony of an officer of the respondent corporation do not affect the existing bar and display facilities, but enlarge the facilities by the erection of shelves for the display and sale of packaged goods, 27 feet in length at right angles to the bar, with a passageway between; in front of the 27 feet of shelving a counter 18 feet in length to be used for similar purposes; and at right angles to the 27 feet of shelving, along the exterior wall of the building and opposite the original 18-

foot bar, a low-boy refrigerator, 14 feet in length, for the refrigeration of beer and other beverages for off-premises consumption, with display shelves above the refrigerator.

On the appeal to the Director it was stipulated that the issue to be decided was:

"Does the place to place transfer application of the appellant in this matter, together with its companion plans and lay-out, as the same relate to the bar and the areas designated for the sale and display for sale of alcoholic beverages in original containers for off the premises consumption, comply with the requirements of *N. J. S.* [*A.*] 33:1–12.23 (*Chapter* 98, *P. L.* 1948) and State Regulation No. 32 so that this application of the appellant should have been granted and approved by the respondent."

The pertinent provision of the statute, *R. S.* 33:1–12.23, defines a "public barroom" as follows:

"The holder of a plenary retail consumption license or a seasonal retail consumption license, after the effective date of this act, may sell and display for sale alcoholic beverages in original containers for consumption off the licensed premises only in the public barroom of the licensed premises, such barroom being a room containing a public bar, counter or similar piece of equipment designed for and used to facilitate the sale and dispensing of alcoholic beverages by the glass or other open receptacle for consumption on the licensed premises; * * *."

In *Coral Lounge & Cocktail Bar, Inc., v. Hock,* 5 *N. J. Super.* 163, 167 (*App. Div.* 1949), Judge Colie said:

"The requisite standard or guide appears in the section (*R. S.* 33:1–12.23) under attack wherein a barroom is defined as 'a room containing a public bar, counter or similar piece of equipment' * * * it seems clear to us that a barroom means that portion included within the four walls of the room in which the bar is located."

*Vide: Eskridge v. Division of Alcoholic Beverage Control,* 30 *N. J. Super.* 472, 476 (*App. Div.* 1954); *Passaic County Retail Liquor Dealers' Ass'n v. Board, etc., City of Paterson,* 37 *N. J. Super.* 187, 194 (*App. Div.* 1955). From the evidence in the instant case, it would clearly appear that the proposed facilities for the display and sale of package

goods would be contained within the confines of the original, but enlarged, "public barroom."

The appellant contends that the proposed enlargement of the premises violates Rule 7, Regulation 32, of the Division of Alcoholic Beverage Control, which provides that "no holder of a plenary retail consumption license * * * shall sell any alcoholic beverage in original containers for off premises consumption from an additional public barroom * * *."

The clear intent of the rule was to implement *R. S.* 33:1–12.23 so as to insure that a restricted consumption licensee should not establish a second public barroom and there sell packaged liquor. The statute and rule do not prohibit enlargement of an existing public barroom. To hold otherwise would prevent a licensee from enlarging or renovating his premises. The Director determined, and we agree, that since no walls were to be erected to separate the bar from the package goods display, the proposed changes merely enlarge the area wherein package goods are displayed, and thus there was no violation of either the statute or regulations.

The action of the Director rests in sound discretion and may not be disturbed unless it manifestly appears that such discretion has been mistakenly exercised. *Zicherman v. Driscoll,* 133 *N. J. L.* 586 (*Sup. Ct.* 1946) ; *Biscamp v. Township Council of Teaneck Tp.,* 5 *N. J. Super.* 172 (*App. Div.* 1949) ; *Hornauer v. Division of Alcoholic Beverage Control,* 40 *N. J. Super.* 501, 504 (*App. Div.* 1956). Our review of the evidence submitted both before the Borough Council and on appeal to the Director clearly supports his finding that the proposed changes are violative neither of the statute nor of the implementing regulations of the Division. *Rajah Liquors v. Division of Alcoholic Beverage Control,* 33 *N. J. Super.* 598, 600 (*App. Div.* 1955), certification denied 18 *N. J.* 204 (1955).

The order under review is affirmed.